JOSH NEWTON, Bar No. 983087
josh.newton@bbklaw.com
BEST BEST & KRIEGER LLP
360 SW Bond Street, Suite 400
Bend, Oregon  97702
Telephone:  (541) 382-3011
Facsimile:  (541) 388-5410

*Of Attorneys for Plaintiff the Confederated Tribes
of the Warm Springs Reservation of Oregon*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE CONFEDERATED TRIBES OF THE WARM SPRINGS RESERVATION OF OREGON, a federally-recognized Indian tribe,<br><br>  Plaintiff,<br><br>  v.<br><br>LUMEN TECHNOLOGIES, INC., a Louisiana corporation, doing business as LUMEN TECHNOLOGIES,<br><br>  Defendant. | Civil No.:  24-1232<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff hereby alleges:

**PARTIES**

1. Plaintiff the Confederated Tribes of the Warm Springs Reservation of Oregon ("Plaintiff" or "Tribe") is a federally recognized Indian Tribe and is successor to the Indian

signatories of the Treaty of June 25, 1855, with the Tribes of Middle Oregon ("1855 Treaty"). 12 Stat. 963.

2.  Defendant Lumen Technologies, Inc. ("Lumen" or "Defendant") is a Louisiana corporation doing business as Lumen Technologies in Oregon.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362.

4.  The Portland Division of this Court is the proper venue for this action pursuant to 28 U.S.C § 1391(b) and LR 3-2(a).

## STATEMENT OF FACTS

5.  Pursuant to the 1855 Treaty, the Tribe ceded approximately ten million acres of its aboriginal territory to the United States and reserved approximately 640,000 acres for exclusive use and occupation of the Tribe and its members as a permanent homeland ("Warm Springs Reservation"). The Warm Springs Reservation is located in central Oregon.

6.  In October 1993, the Tribe's Tribal Council ("Tribal Council") passed Resolution No. 8744, a copy of which is attached as <u>Exhibit A</u>. Resolution No. 8744 approved a request by Lumen's predecessor, US WEST Communications, Inc. ("US WEST"), for an easement for right-of-way for buried telecommunications cables across the Warm Springs Reservation and for a right-of-way across Tribal lands six (6) feet in width, 97,865 feet in length (18.50 miles), buried underground at a depth of three (3) feet, and aggregating a total area of 13.48 acres. Because the cables had already been installed, the Tribal Council also approved an easement term of twenty-five years, beginning on March 1, 1988 and terminating on the last day of February 2013. The Tribal Council also requested the Superintendent, Bureau of Indian Affairs ("BIA"), Warm Springs Agency to approve the grant of easement for right-of-way to US WEST.

Page 2 – **COMPLAINT**
12805.17958\42428212.2

7. In November 1993, the BIA executed a written Grant of Easement For Right of Way ("Easement"), a copy of which is attached as <u>Exhibit B</u>, granting to US WEST, its successors and assigns, an easement for the right to enter certain lands within the Warm Springs Reservation to construct and operate "an underground fiber optic cable and telephone service cable, with necessary appurtenances thereon or therein, together with the right of ingress and egress when necessary for the above mentioned purposes." The BIA granted the Easement for a "term not to exceed twenty-five years in duration beginning on March 1, 1988 and terminating on the last day of February 2013."

8. The Easement terminated at the end of February 2013. The Tribe and CenturyLink, the successor to US WEST, entered into negotiations regarding the terms and conditions for a new grant of easement for right-of-way. In June 2017, the BIA sent CenturyLink a letter titled "Notice of Trespass," a copy of which is attached as <u>Exhibit C</u>. The BIA notified CenturyLink that "[w]ithout a valid right-of-way or other form of authorization, BIA may determine CenturyLink's unauthorized possession as a trespass" on the Warm Springs Reservation. The BIA stated that it may take legal action "on behalf of the Indian landowners to recover possession, and pursue any additional remedies," including damages. The BIA advised that it was aware of "intermittent negotiations" between CenturyLink and the Tribe and sought further assurances that the parties would pursue good faith negotiations to reach an agreement in the near future. The BIA did not initiate a trespass action against CenturyLink.

9. In or about 2019, CenturyLink engaged a surveying firm and worked with BIA to obtain the necessary consents to survey the as-built location of the fiber line. Due to various delays, including the COVID-19 pandemic, the survey was finally completed and accepted by

the BIA in 2021. CenturyLink, or Lumen, has since initiated an appraisal for the line with the U.S. Department of the Interior Appraisal and Valuation Services Office.

10. In November 2023, frustrated with the lack of progress, the Tribe sent a letter to Lumen, a copy of which is attached as <u>Exhibit</u> <u>D</u>. The Tribe expressed concern about the fact that Lumen, and its predecessors, had been occupying the lands within the Warm Springs Reservation for more than ten years without a valid easement or compensation to the Tribe. The Tribe acknowledged that Lumen has been working on preparing an application to the BIA to seek a renewal of the right of way under 25 C.F.R. Part 162 but noted that any renewal of the right-of-way requires Tribal consent. As of the date of the letter, the Tribe had been unsuccessful in engaging Lumen in substantive negotiation regarding, among other things, the appropriate compensation to the Tribe for a renewed right-of-way. The Tribe requested that Lumen engage the necessary personnel with decision-making authority in this matter and diligently engage in negotiations with the Tribe. It also notified Lumen that if the parties had not resolved outstanding commercial terms for a renewed right-of-way by March 1, 2024, the Tribe would communicate a request to the BIA to initiate a trespass action.

11. The Tribe and Lumen have not reached agreement on the commercial terms of a renewed right-of-way. Rather than rely on the BIA to initiate a trespass action, the Tribe has determined to avail itself of its federal common law right to sue to protect its sovereign interests in the lands of the Warm Springs Reservation. *See generally Swinomish Indian Tribal Community v. BNSF Railway Company*, 951 F.3d 1142, 1153 (9th Cir. 2020).

## CLAIM FOR RELIEF
### (Trespass)

12. The Tribe realleges and incorporates paragraphs 1 through 11.

13. Based on information and belief, at all material times after the end of February 2013, Lumen, and its predecessors, have occupied and used certain lands within the Warm Spring Reservation for the operation of an underground fiber optic cable, telephone service cable, necessary appurtenances, and have accessed the Warm Springs Reservation when necessary for the operation of those telecommunications facilities.

14. After the end of February 2013, Lumen, and its predecessors, have not had consent or other authorization from the Tribe to use any land within the Warm Springs Reservation. No other lawful basis exists for Lumen's continued use of the Warm Springs Reservation.

15. Lumen is trespassing on the Warm Springs Reservation. Lumen's trespass is knowing, conscious, and willful because Lumen knows that it does not have the Tribe's consent to use land within the Warm Springs Reservation.

16. The Tribe is entitled to compensatory damages resulting from Lumen's trespass in an amount to be proven at trial. The Tribe is also entitled to equitable relief in the form of an award of unjust enrichment for the value of Lumen's profits made by its trespass on the Warm Springs Reservation in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Declaring that Defendant's actions and omissions as set forth in this Complaint constitute a continuing trespass under federal law;

    2.    Awarding the Tribe compensatory damages for trespass and restitution for unjust enrichment, including for profits resulting from Lumen's trespass across the Warm Springs Reservation;

    3.    Awarding Plaintiff its costs and reasonable attorneys' fees to the extent allowed by law; and

    4.    Granting Plaintiff such other relief as the Court deems just and appropriate.

Dated:    July 30, 2024

                  BEST BEST & KRIEGER LLP

                  By: *s/ Josh Newton*
                       JOSH NEWTON, Bar No. 983087
                       josh.newton@bbklaw.com

                       Attorneys for Plaintiff
                       the Confederated Tribes of the Warm
                       Springs Reservation of Oregon